IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00557-RJC
(3:10-cr-00238-RJC-9)

| | |
|---|---|
| MILTON EARL ADAMS, ) </br> ) </br> Petitioner, ) </br> ) </br> v. ) </br> ) </br> UNITED STATES OF AMERICA, ) </br> ) </br> Respondent. ) </br> ) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se Motion to Vacate, Set Aside or Correct his Sentence which he filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 Motion will be dismissed.

I. BACKGROUND

On December 20, 2012, Petitioner pleaded guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One), and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Two). (3:10-cr-00238, Doc. No. 152: Third Superseding Indictment; Doc. No. 560: Plea Agreement; Doc. No. 564: Acceptance and Entry of Guilty Plea). On March 18, 2014, Petitioner was sentenced to a term of 270-months' imprisonment on Count One and a concurrent term of 240 months on Count Two. (Id., Doc. No. 649: Judgment). Petitioner appealed this judgment, but later voluntarily dismissed the appeal. See United States v. Adams, No. 14-4296 (4th Cir. Nov. 14, 2014).

II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III.    DISCUSSION

In this collateral proceeding, Petitioner contends that he is entitled to relief from his sentence based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was void for vagueness and therefore unconstitutional.[1] (3:16-cv-00557, Doc. No. 1: Motion to Vacate at 4). Specifically, Petitioner contends that the two-level gun enhancement that was applied to his Guidelines range, pursuant to § 2D1.1(b)(1) of the U.S. Sentencing Guidelines Manual (USSG) (2013), is no longer valid in light of the holding in Johnson. (3:10-cr-00238, Doc. No. 631: Presentence Report ¶ 60).

The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year ... that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*"

---

[1] The Supreme Court recently explained that the holding in Johnson is retroactive to cases on collateral review. See Welch v. United States, 136 S. Ct. 1257 (2016).

Id. § 924(e)(2)(B)(i)(ii). See Johnson, 135 S. Ct. at 2556 ("The closing words of this definition, italicized above, have come to be known as the Act's residual clause.").

As is relevant to Petitioner's case, the Sentencing Guidelines provide that a two-level enhancement is applicable if the defendant possessed a firearm while conspiring to commit a drug trafficking crime. USSG § 2D1.1(b)(1). Petitioner's argument will be rejected for two reasons.

First, Petitioner expressly acknowledged under oath during his Rule 11 hearing that he understood the terms of his plea agreement and that he agreed that the two-level enhancement was applicable to the calculation of his Guidelines range. And as this Court concluded at sentencing, Petitioner's guilty plea was knowingly and voluntarily entered. (3:10-cr-00238, Doc. No. 560: Plea Agreement ¶ 6(b)). Second, the holding in Johnson has no impact whatsoever on the two-level gun enhancement as this enhancement neither falls within the definition of a "violent felony" or a "crime of violence."[2]

IV.     CONCLUSION

Based on the foregoing, the Court finds that Petitioner's § 2255 motion has failed to state a claim for relief and it will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255 is **DENIED** and **DISMISSED WITH**

---

[2] The Fourth Circuit observed that the "term 'crime of violence,' and its cousin, the term 'violent felony' are defined in various statutory provisions, including § 924(c), and in the Sentencing Guidelines, including section 4B1.2. In light of the striking similarities among those definitions, the court decisions interpreting one such definition are persuasive as to the meaning of the others." United States v. McNeal, 818 F.3d 141, 153 n.9 (4th Cir. 2016) (citing United States v. Williams, 67 F.3d 527, 528 (4th Cir. 1995)).

**PREJUDICE**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: September 26, 2016

Robert J. Conrad, Jr.
United States District Judge