**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:16-cv-557-RJC**
**(3:10-cr-238-RJC-9)**

| | | |
|---|---|---|
| **MILTON EARL ADAMS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **ORDER** |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on Petitioner's *pro se* First Amended Motion to Vacate pursuant to 28 U.S.C. § 2255. (Doc. No. 4). For the reasons that follow, the Court finds that this is an unauthorized, successive § 2255 petition which must be dismissed for lack of jurisdiction.

**I.      BACKGROUND**

Petitioner pled guilty pursuant to a written Plea Agreement to: Count (1), conspiracy to possess with intent to distribute marijuana (21 U.S.C. § 846 and 841(a)(1); and Count (2), conspiracy to commit money laundering (18 U.S.C. § 1956(h)). (3:10-cr-238, Doc. Nos. 152, 560, 564). The Court accepted the plea and sentenced Petitioner to 270 months' imprisonment on Count (1) and 240 months on Count (2), concurrent. (Id., Doc. No. 649). Petitioner appealed but later voluntarily dismissed the appeal. See (Id., Doc. No. 669).

Petitioner filed a § 2255 Motion to Vacate in the instant case in 2016. (Doc. No. 1). He argued that his 2-level gun enhancement pursuant to U.S. Sentencing Guidelines § 2D1.1(b)(1) is invalid pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015). The Court denied relief on

1

September 27, 2016 because Petitioner's knowing and voluntary Plea Agreement included the 2-level enhancement and because <u>Johnson</u> has no impact whatsoever on the 2-level enhancement. (Doc. No. 2).

Petitioner filed the instant First Amended § 2255 Motion on October 31, 2016. (Doc. No. 4). He argues that: (1) the firearm enhancement violates due process because it was not charged by the grand jury and the evidence was insufficient to support the enhancement; (2) counsel was ineffective for advising Petitioner to plead guilty to a "gun charge" that was not included in the indictment and for failing to object, and that he was prejudiced by the resulting 270-month sentence; (3) counsel misadvised Petitioner to plead guilty to the charges in the plea agreement without reading it to him and for promising reductions for minor role and acceptance of responsibility; and (4) appellate counsel was ineffective for failing to raise the addition of the gun charge and sentencing enhancement on direct appeal. Petitioner claims that the First Amended § 2255 Motion is timely because these issues should have been addressed around the June 2016 "resentence proceeding." (Doc. No. 4 at 12). Petitioner requests a "fair court proceeding" with regards to the "gun charge," sentence reductions for minor role and acceptance of responsibility, and relief for the due process violation. (Doc. No. 4 at 13).

## II.    LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed his sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). However, "[a] second or successive motion must be certified...by a panel of the appropriate court of appeals to contain" either:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

"The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). In the absence of pre-filing authorization, a district court lacks jurisdiction to consider an application containing abusive or repetitive claims. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003), *abrogated in part on other grounds by* United States v. McRae, 793 F.3d 392 (4th Cir. 2015).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings…" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that no response is necessary from the United States, and that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The instant Motion to Vacate is an unauthorized second or successive § 2255 petition over which the Court lacks jurisdiction. Petitioner has already filed a § 2255 petition that the Court denied on the merits. Petitioner has now filed another § 2255 petition and he does not allege that he has received permission from the Fourth Circuit to do so under § 2255(h). To the extent that

Petitioner contends that proceedings in the criminal case renewed his ability to seek post-conviction relief, he is mistaken. See generally States v. Sanders, 247 F.3d 139, 143 (4th Cir. 2001) (noting that sentence modification does not affect a judgment's finality for purposes of post-conviction review). Accordingly, the instant § 2255 petition will be dismissed as an unauthorized, successive § 2255 petition over which the Court lacks jurisdiction.

## III.    CONCLUSION

For the reasons stated herein, the instant § 2255 Motion to Vacate is dismissed as an unauthorized, successive § 2255 petition over which the Court lacks jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1.      Petitioner's § 2255 Motion to Vacate is **DISMISSED** for lack of jurisdiction.

2.      **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Cf. United States v. McRae, 793 F.3d 392, 398 (4th Cir. 2015) ("the COA requirement in § 2253(c) allows us to review, without first issuing a COA, an order dismissing a Rule 60(b) motion as an improper successive habeas petition.").

Signed: October 23, 2019

Robert J. Conrad, Jr.
United States District Judge